| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| | Brian Long (SBN 232645) |
| 2 | blong@seyfarth.com |
| | 601 S. Figueroa Street, Suite 3300 |
| 3 | Los Angeles, California 90017 |
| | Telephone:  (213) 270-9600 |
| 4 | Facsimile:   (213) 270-9601 |
| 5 | Reiko Furuta (SBN 169206) |
| | rfuruta@seyfarth.com |
| 6 | 2029 Century Park East, Suite 3500 |
| | Los Angeles, California 90067-3021 |
| 7 | Telephone:  (310) 277-7200 |
| | Facsimile:   (310) 201-5219 |
| 8 | |
| 9 | Lilah Wylde (SBN 273035) |
| | lwylde@seyfarth.com |
| 10 | 560 Mission Street, 31st Floor |
| | San Francisco, California 94105 |
| 11 | Telephone:  (415) 397-2823 |
| | Facsimile:   (415) 397-8549 |
| 12 | Attorneys for Defendants |
| | CARELON BEHAVIORAL HEALTH OF CALIFORNIA, INC., |
| 13 | incorrectly named as CAREMORE HEALTH PLAN; CAREMORE |
| | HEALTH PLAN OF CA; ELEVANCE HEALTH COMPANIES OF |
| 14 | CALIFORNIA, INC.; ELEVANCE HEALTH, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 18 | LANI BUCHIGNANI, on behalf of herself and all others similarly situated, and on behalf of the general public, | Case No. 2:24-cv-03017 |
| 19 | | **STIPULATION TO SUBMIT PLAINTIFF'S INDIVIDUAL CLAIMS TO ARBITRATION AND TO DISMISS CLASS CLAIMS** |
| 20 | Plaintiff, | |
| 21 | v. | (Los Angeles County Superior Court Case No. 24STCV05555) |
| 22 | CAREMORE HEALTH PLAN, a California Corporation, CAREMORE HEALTH PLAN OF CA AN AFFILIATE OF ELEVANCE OF HEALTH, INC., a California Corporation, ELEVANCE HEALTH, INC., an Indiana Corporation, THE ELEVANCE HEALTH COMPANIES OF CALIFORNIA, INC., a California Corporation, and DOES 1-10, inclusive. | Complaint Filed:  March 5, 2024 |
| 27 | Defendants. | |

STIP. TO SUBMIT INDIVIDUAL CLAIMS TO ARBITRATION AND
TO DISMISS CLASS CLAIMS

311292395v.1

1. WHEREAS, a dispute has arisen between Plaintiff Lani Buchignani ("Plaintiff") and Defendants Carelon Behavioral Health of California, Inc., incorrectly named as CareMore Health Plan; CareMore Health Plan of CA; Elevance Health Companies of California, Inc.; Elevance Health, Inc. ("Defendants") (hereinafter collectively referred to as the "Parties");

2. WHEREAS, on or about March 5, 2024, Plaintiff filed a putative class and representative action Complaint against Defendants in Los Angeles Superior Court, Case No. 24STCV05555 ("State Court Action"), alleging individual and class claims for failure to pay all wages and overtime owed; provide meal and rest periods; provide accurate itemized wage statements; reimburse for necessary expenditures; timely pay wages upon separation of employment and during employment; derivative claims under the unfair competition law; and a claim for penalties pursuant to California Labor Code §2699 *et seq.* Private Attorneys General Act ("PAGA");

3. WHEREAS, on or about April 12, 2024, Defendants removed the State Court Action to the United States District Court for the Central District of California, Case No. 2:24-cv-03017;

4. WHEREAS, Plaintiff and Defendants entered into a binding and enforceable Arbitration Agreement ("Agreement") under the Federal Arbitration Act ("FAA") that specifically bars this Action from proceeding as a class action or seeking class relief as well as Plaintiff from pursuing her individual claims in a forum other than arbitration;

5. WHEREAS, in light of the Agreement, the Parties met and conferred and agreed to arbitrate Plaintiff's individual wage and hour claims and individual PAGA claims and to dismiss Plaintiff's class claims;

6. WHEREAS, the Parties agree that the arbitration proceeding shall fully comply with the requirements of *Armendariz v. Foundation Health Psychcare Services, I*nc. (2000) 24 Cal.4th 83, in that the arbitration shall: (a) provide a neutral arbitrator; (b) allow sufficient discovery; (c) provide all types of relief available to Plaintiff that

otherwise would be available in court; (d) provide a written arbitration award given by the arbitrator; and (e) require that all arbitrator's fees and all costs unique to arbitration will be borne by Defendant.

      NOW, THEREFORE, the Parties to the above-captioned matter hereby stipulate and agree, by and through their respective counsel of record, as follows:

      1.    Plaintiff will submit her individual wage and hour claims and individual PAGA claims to arbitration in accordance with the Agreement;

      2.    Plaintiff dismisses her class action claims without prejudice; and

      3.    Plaintiff's representative PAGA claims shall be stayed pending the outcome of the arbitration of Plaintiff's individual claims.

      IT IS SO STIPULATED.

DATED: May 23, 2024          Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Brian Long*
    Brian Long
    Reiko Furuta
    Lilah Wylde
    Attorneys for Defendants
    CARELON BEHAVIORAL HEALTH OF CALIFORNIA, INC., incorrectly named as CAREMORE HEALTH PLAN; CAREMORE HEALTH PLAN OF CA; ELEVANCE HEALTH COMPANIES OF CALIFORNIA, INC.; ELEVANCE HEALTH, INC

DATED: May 23, 2024          Respectfully submitted,

OTKUPMAN LAW FIRM

By: */s/ Nidah Farishta*
    Roman Otkupman
    Nidah Farishta
    Attorneys for Plaintiff
    LANI BUCHIGNANI